### THE CITY OF ST. LOUIS.

### DAVIDSON v. THE CITY OF ST. LOUIS.

#### (District Court, E. D. Louisiana. June 16, 1893.)

#### No. 12,967.

1. SHIPPING—SEAMEN—INJURIES—CONTRIBUTORY NEGLIGENCE.
   A deck hand on a steamer, on the day after his employment as such began, was ordered to paint the smokestack, and, misunderstanding the directions given him, he placed a ladder weighing about 80 pounds against the smokestack. When he ascended it, the stack fell, and he received serious injuries. *Held,* that the accident was due to his own ignorance, and he can recover no damages.

2. SAME—EXPENSES—MEDICAL ATTENDANCE.
   His fault was not, however, of such a character as to debar him from recovering his expenses while he was disabled, and a sum equal to his wages for a like period will be allowed as what the ship should contribute to the expense of his cure.

3. SAME—COSTS—DIVISION.
   But where the court is of opinion that he would have been conceded this much by the ship but for the demand for damages in addition thereto, and the expense of taking testimony, etc., would thus have been saved, the costs will be divided.

In Admiralty. Libel by John Davidson against the steamboat City of St. Louis for personal injuries received by libelant while in the steamboat's employ. Decree for libelant.

T. M. Gill, for libelant.

Brown & Choate, for claimant.

BILLINGS, District Judge. The libelant was employed as a deck hand. On the day after his employment he was directed to paint the smokestack. He misunderstood the directions that were

given him; used improper appliances, put a ladder weighing in the vicinity of 81 pounds against the smokestack, broke it off, and he and it fell down, whereby the libelant was seriously injured. There can be no doubt of the serious and permanent injury of the libelant, but I think that his own ignorance of methods on board of a boat is so evident that he cannot recover damages. The question is whether he ought not to be allowed what must have been his expense during his attempt at cure. He was injured when on board, and while in the employ of the ship. True, his own ignorance of the methods of the boat contributed to the injury. After all, I do not think that that constitutes a fault of such character as ought to debar him from recovering his expenses while he was disabled. The testimony shows that he was in the St. Louis hospital two weeks, and in the hospital at New Orleans two months and a half, making in all three months. He has not been well since, and, from his testimony, has earned only $10. It seems to me, under all the circumstances, he ought to be allowed an amount which would be equal to the amount of his wages during the three months as his expense in being cured so far as a cure in his case is possible. His wages were probably $30 a month. Let there be judgment in his favor, therefore, for the sum of $90 as the expense which the ship ought to contribute in the effort to cure the libelant.

As to the costs, the testimony has been most voluminous, and I am by no means certain if the libelant had demanded in his libel simply what the court thinks he is entitled to, it would not have been at once conceded by the vessel, and the great expense of the voluminous testimony saved. I think, therefore, that the costs should be divided.